# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     Case No. 96-CR-58

VICTOR MUNOZ-POLANCO,
a/k/a RAFAEL AUGUSTO MARTINEZ,

        Defendant.

─────────────────────────────────────────────

## ORDER

On December 12, 1996, Judge Thomas Curran sentenced Victor Munoz-Polanco to life imprisonment for violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Based upon relevant conduct that included 1.5 kilograms of cocaine base and 150 kilograms of cocaine, Judge Curran determined the defendant's offense level to be 46 with a criminal history category of I. Under this matrix, Munoz-Polanco was subject to a guideline term of life imprisonment.

On November 1, 2007, the United States Sentencing Commission amended the advisory federal sentencing guidelines for criminal offense involving crack cocaine. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, these amended guidelines would apply retroactively to all offenders who were sentenced under the previous versions of the sentencing guidelines and who are presently incarcerated. The practical effect of these amendments is that, pursuant to the provisions of 18 U.S.C. § 3582(c)(2),

defendants previously convicted of offenses involving crack cocaine may be eligible for a reduction in their sentence.

On April 22, 2008, Munoz-Polanco filed a pro se motion to reduce his sentence pursuant to § 3582(c)(2). This motion was randomly assigned to this branch of the court for adjudication as Judge Curran is no longer in active service. Having considered Munoz-Polanco's motion, together with an analysis from the United States Probation Office and input from the United States Attorney's Office, the court concludes that his motion must be denied. As noted above, Munoz-Polanco was responsible for 150 kilograms of powder cocaine and, under the amended guidelines, Munoz-Polanco's offense level and sentencing guideline range remain the same. Therefore, the court finds no factual or legal basis to reduce the life sentence imposed on December 12, 1996.

Accordingly,

**IT IS ORDERED** that Munoz-Polanco's motion to reduce (Docket #s 262 and 264) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of June, 2008.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

-2-

Case 2:96-cr-00058-JPS   Filed 06/19/08   Page 2 of 2   Document 265