# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                       Case No. 96-CR-58

RAFAEL AUGUSTO MARTINEZ,
a/k/a VICTOR MUNOZ POLANCO,

       Defendant.

_____

## ORDER

On September 25, 1996, a jury found the defendant, Rafael Augusto Martinez ("Martinez"), guilty of conspiracy to possess powdered and crack cocaine with the intent to distribute. (Docket #108). As the quantity of the illicit substances involved was substantial, and because the defendant was the leader of the conspiracy, Martinez was sentenced to life in prison in December of 1996. (Docket #142). Well over a decade after the defendant's trial and sentencing, Martinez has filed a series of motions with the district court which are the subject of the present order. Specifically, the defendant has made motions for: (1) copies of "grand jury transcripts" (Docket #274); (2) "production of omitted portions of the trial record" (Docket #275); (3) "return of property" (Docket #276); (4) "production of documents" (Docket #277); (5) "hearing minutes/transcript" (Docket #278); and (6) "status of proceedings" (Docket #280). The court will resolve the motions accordingly.

Five of Martinez's motions are requests for transcripts of and documents from the various proceedings related to his criminal case. The defendant's espoused

purpose in making the requests is so that he can file a "Federal Habeas Corpus petition," presumably pursuant to 28 U.S.C. § 2255. (Docket #280). Initially, the court notes that this is not the first time Martinez has submitted a motion for transcripts and documents regarding his criminal conviction. The court previously denied nearly identical motions made by Martinez ten years ago. (Docket #231). Moreover, Martinez has already petitioned this court for a writ of habeas corpus, which the court denied in 2001 with prejudice. (Docket #236). There is nothing to indicate that Martinez's newest attempt to pursue habeas relief will be successful given: (1) the time that has passed since his conviction;[1] and (2) his previous try at a habeas appeal.[2] In addition, petitioning the court is not the proper means by which a party can obtain transcripts and documents related to the case. The court directs the defendant to the Eastern District of Wisconsin's website which provides the procedure of how to obtain transcripts from a court hearing. *See* The United States District Court for the Eastern District of Wisconsin, http://www.wied.uscourts.gov (last visited Oct. 20, 2009). Finally, the court notes that "a prisoner has no constitutional right to receive a free copy of trial transcripts post-appeal." *United States v. Groce*, 838 F. Supp. 411, 416 (E.D. Wis. 1993) (denying a defendant's

---

[1] Section 2255 imposes a one-year limitation for the filing of a motion to vacate, set aside, or correct a sentence. Moreover, the precedent in this Circuit requires diligence on the part of the defendant in obtaining transcripts in relation to filing a habeas appeal. *See Montgomery v. Meloy,* 90 F.3d 1200, 1204 (7th Cir. 1996).

[2] The general rule is that "a claim presented in a second or successive habeas corpus application under section 2255 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). While § 2244(b)(1) provides exceptions to this rule, Martinez has not indicated that any of those exceptions apply or that the claims he seeks to pursue are different than those he previously brought.

motion for transcripts as the opposite ruling would "encourage 'fishing expeditions' and other abuses by potentially litigious prisoners.")  As a result of Martinez's frequent motions, the court is anything but lonely.  However, the sum of the defendant's many writings have not provided any indication that his motions are either serious or amount to anything more than a fishing expedition.

The defendant also makes a motion for "return of property," contending that, pursuant to Fed. R. Crim. P. 41(g), the government must provide to the defendant's wife the property that was seized upon various searches conducted during the criminal investigation of the defendant.  (Docket #276).  This circuit has held that the statute of limitations governing Rule 41(g) motions is provided by 28 U.S.C. § 2401(a), allowing for a six year limitations period.  *United States v. Sims*, 376 F.3d 705, 709 (7th Cir. 2004) ("For reasons similar to those we gave in *Duke*, the six-year statute of limitations in 28 U.S.C. § 2401(a) is appropriate in such cases, and so we shall borrow it for Rule 41(g) motions.")  As the statute of limitations begins to run from the date of discovery of the injury, not the date on which the defendant discovered that he was entitled to any particular remedy, *United States v. Duke*, 229 F.3d 627, 630 (7th Cir. 2000); *see also Belton v. United States*, No. 07-CV-925, 2008 U.S. Dist. LEXIS 68964, at *20 (E.D. Wis. June 2, 2008), the defendant's claim, which stems from a search conducted in 1993, is hopelessly time barred.

Accordingly,

**IT IS ORDERED** that the defendant's motion for "Grand Jury Transcripts" (Docket #274) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the defendant's motion for "Order for Production of Omitted Portions of the Trial Record" (Docket #275) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the defendant's motion for "Return of Property" (Docket #276) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the defendant's motion for "Production of Documents" (Docket #277) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the defendant's motion for "Hearing Minutes/Transcripts" of hearing before Magistrate Judge Goodstein (Docket #278) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the defendant's motion for "Status of Proceedings" (Docket #280) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge