UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                     Case No. 96-CR-58

RAFAEL AUGUSTO MARTINEZ,

      Defendant.

_____

## ORDER

On October 29, 2009, this court denied a number of motions brought by the defendant, Rafael Augusto Martinez ("Martinez"). (Docket # 282). Specifically, the defendant had filed motions seeking the following: (1) copies of "grand jury transcripts" (Docket #274); (2) "production of omitted portions of the trial record" (Docket #275); (3) "return of property" (Docket #276); (4) "production of documents" (Docket #277); (5) "hearing minutes/transcript" (Docket #278); and (6) "status of proceedings" (Docket #280). The court denied five of the motions, which asked for transcripts of and documents from the various proceedings related to his criminal case, noting that the court had already denied the requests for the transcripts and that "a prisoner has no constitutional right to receive a free copy of trial transcripts post-appeal." (Docket #282) (citing *United States v. Groce*, 838 F. Supp. 411, 416 (E.D. Wis. 1993)). The court denied the defendant's motion for return of property, citing to clear Seventh Circuit precedent that the defendant's Rule 41(g) motion was time barred. (Docket #282) (citing *United States v. Sims*, 376 F.3d 705, 709 (7th Cir.

2004)). Not deterred by the court's order, the prisoner, on November 23, 2009, filed a "motion for reconsideration" of the court's ruling on Martinez's various motions. (Docket #282).

Nowhere under the Federal Rules of Criminal Procedure exists the authority for one to file a "motion for reconsideration" of a previous court ruling. *See United States v. Griffin*, 84 F.3d 820, 826 n.4 (7th Cir. 1996) ("We are at a loss to understand any basis under federal law or rules of criminal procedure for what is typically described as a "motion to reconsider . . . [t]here is no authority in the Federal Rules of Criminal Procedure for a 'motion for reconsideration.'"). As such, Martinez's motion is not proper and will be denied.[1] Accordingly,

**IT IS ORDERED** that defendant's motion for reconsideration (Docket #282) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] Moreover, even if the court treated Martinez's motion like a "motion for reconsideration" in a civil case under Fed. R. Civ. P. 54(b), the court would have to deny Martinez's motion. A motion for reconsideration serves a very limited purpose in federal civil litigation; it can only be used "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). In the present case, the petitioner does not assert that this court's order of October 29, 2009, contains a manifest error of law and he has not presented newly discovered evidence to support his motion. The petitioner instead parrots the same arguments he made in his original motion, which the court already rejected.