# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     Case No. 96-CR-58

RAFAEL AUGUSTO MARTINEZ,

        Defendant.

_____

## ORDER

On January 22, 2010, this court denied the motion of defendant, Rafael Augusto Martinez ("Martinez"), to "reconsider" the court's October 29, 2009 order (Docket #283), which, in turn, denied a number of motions from the defendant. The January 22, 2010 order noted the absurdity of the defendant's motion for reconsideration, in that "nowhere under the Federal Rules of Criminal Procedure exists the authority to file a "motion for reconsideration." (Docket #283). Undeterred, the defendant filed a "motion for status of objection and motion for reconsideration" on January 26, 2010. (Docket #284). The court will deny this latest filing as moot.

More to the point, the defendant's attempts to test the court's patience have reached the end of the road. Indeed, Mr. Martinez's latest motion is the eighth such motion to have been filed in the past five months. None were granted as they all bordered on the frivolous and incoherent. The court finds that the defendant lacks a good-faith basis for his motions. The defendant's behavior only serves to harass and burden this court's limited resources. *In re McDonald,* 489 U.S. 180, 184 (1989)

("Every paper filed with [a court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end."); *see also In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) ("Judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.") This order will be the last warning before the court contemplates issuing a prefiling injunction limiting the defendant's ability to file any more motions with this court on the matter at hand, a step several federal district courts have sadly had to take in order to limit abuses of the right to access the court. *See Miles v. Angelone*, 483 F. Supp. 2d 491, 496 (E.D. Va. 2007) (issuing a prefiling injunction prohibiting the petitioner from filing any more motions for reconsideration without the Fourth Circuit's approval); *see also Frazier v. United States*, No. 4:03CV01060 ERW, 2009 U.S. Dist. LEXIS 5622, at *6 (E.D. Mo. Jan. 28, 2009) ("Petitioner's pattern of filing frivolous and improper motions in this case is an abuse of this Court's resources.") Other penalties may be imposed by this court at its discretion. *See Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (issuing a fine of $500 and holding that "any further applications for leave to file successive collateral attacks will be deemed denied on the 30th day unless the

-2-

Case 2:96-cr-00058-JPS   Filed 01/29/10   Page 2 of 3   Document 285

court otherwise orders" against a prisoner who filed excessive complaints with the court); *see also In re Walker*, 238 F.3d 426 [published in full-text format at 2000 U.S. App. LEXIS 38070] (6th Cir. 2000) ("[P]risoners who persist in flooding the courts with frivolous and repetitive actions that waste the courts' time and resources … risk being sanctioned for doing so, including losing their ability to proceed in forma pauperis with respect to their future civil actions, as well as being subjected to a substantial fine.")

Accordingly,

**IT IS ORDERED** that the defendant's "motion for status of objection and motion for reconsideration" (Docket #284) be and the same is hereby **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 29th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge