# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAFAEL AUGUSTO MARTINEZ,<br><br>Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 17-CV-792-JPS |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>RAFAEL AUGUSTO MARTINEZ,<br><br>Defendant. | Case No. 96-CR-58-1-JPS<br><br>**ORDER** |

On June 5, 2017, Rafael Augusto Martinez ("Martinez") filed two identical sets of documents. These included a "motion to reduce sentence," referencing the resentencing provisions of 18 U.S.C. § 3582, a brief in support of a "petition under 18 U.S.C. section 3582(c)(2) for resentencing," and various exhibits. *See* 17-CV-792 (Docket #1 and #2); 96-CR-58-1 (Docket #332 and #333). The Clerk of the Court, understandably confused by receiving the same materials twice, docketed one set in Martinez's criminal case, and the other as a separate habeas action.

Assuming Martinez truly wanted to file a habeas action, it must be dismissed at the outset. The Seventh Circuit teaches that "[u]nder the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), prisoners are entitled to a single unencumbered opportunity to pursue collateral review.

The AEDPA prohibits prisoners from filing a second or successive § 2255 motion unless they obtain certification to do so from the court of appeals. See 28 U.S.C. § 2255(h)." *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011). As the Court explained to Martinez in June 2016, he has filed more than one prior motion for habeas relief pursuant to 28 U.S.C. § 2255. 96-CR-58 (Docket #330). The Court further explained how Martinez should go about seeking a certification from the Court of Appeals. *Id.* Martinez has not provided the Court with the required certification. The Court must therefore deny Martinez habeas relief and dismiss the pending habeas case.[1]

Returning to Martinez's criminal case, his request for Section 3582 relief must be denied, as the Court did with his prior similar requests. *See* (Docket #265 and #318). Martinez was sentenced to life imprisonment for cocaine and crack distribution. (Docket #142 and #143). As applied to Martinez, Section 3582(c)(2) provides that his sentence may be reduced only when his "sentencing range . . . has subsequently been lowered by the Sentencing Commission[.]" Using the current, and most favorable, drug quantity sentencing guidelines, his guideline range remains what it was at the sentencing hearing—life in prison. Martinez's motion pursuant to Section 3582 must be denied.

Accordingly,

**IT IS ORDERED** that Petitioner Rafael Augusto Martinez's motion to vacate, set aside, or correct his sentence pursuant to Section 2255, in case number 17-CV-792 (Docket #1), be and the same is hereby **DENIED**;

---

[1] The Court went through this same process with Martinez in 2012: he filed a successive habeas motion which was dismissed, and his appeal of that dismissal was itself dismissed for Martinez's failure to pay the filing fee. *See* 12-CV-585. The Court will, therefore, deny him a certificate of appealability on his habeas petition.

**IT IS FURTHER ORDERED** that case number 17-CV-792 be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that a certificate of appealability in case number 17-CV-792 be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant Rafael Augusto Martinez's motion to reduce his sentence, in case number 96-CR-58-1 (Docket #332), be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly in case number 17-CV-792.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge